Dear Mr. Antonio:
The following is in response to your opinion request which asked these questions:
 1. In a third or fourth class county where the county court has not required the county collector to make daily deposits and the county collector is investing and earning interest on the amounts he collects prior to turning the money over to the county treasurer, to what funds is the interest earned by the collector to be credited, and how is the amount to be credited to each such fund to be determined?
 2. In a third or fourth class county where the county court has required the county collector to make daily deposits and the county collector is investing and earning interest on the amounts he collects prior to turning the money over to the county treasurer, to what funds is the interest earned by the collector to be credited and how is the amount to be credited to each such fund to be determined?
In some third and fourth class counties, the county courts have not required the county collectors to make daily deposits. Consequently, the county collectors are investing and earning the interest on the amounts collected prior to turning the money over to the county treasurers. In some instances, the county courts have required the county collectors to make daily deposits. However, some collectors are investing and earning interest on amounts they collect prior to turning the money over to the county treasurers in such instances.
Section 110.150.2, RSMo 1978, states:
 2. The interest upon each fund shall be computed upon the daily balances with the depositary, and shall be payable to the county treasurer monthly, who shall place the interest on the school funds to the credit of those funds respectively, the interest on all county hospital funds and hospital district funds to the credit of those funds, the interest on county health center funds to the credit of those funds and the interest on all other funds to the credit of the county general fund.
Recently, in State ex rel. Fort Zumwalt School District v.Dickherber, 576 S.W.2d 532 (Mo. Banc 1979), the Missouri Supreme Court held that § 110.150.2 is applicable to county collectors as well as county treasurers. The court held that a specific statute prevails over a general one. Id. at 536.
This office had occasion to consider a similar subject in Op. No. 110, Keyes, June 3, 1977. However, in light of the FortZumwalt case, which was decided two years after that opinion, it is apparent that portions of that opinion are no longer applicable and should be withdrawn.
We, therefore, believe that the Fort Zumwalt case answers both questions asked in your request. Based on that case, it is the view of this office that in third and fourth class counties where the county courts have not required the county collectors to make daily deposits and the collectors are investing and earning interest on the amounts they collect prior to turning the money over to the county treasurers, the interest accrues pursuant to § 110.150.2 and any amount to be credited each such fund is to be determined pursuant to that section. It is our further view that in third and fourth class counties where the county courts have required the county collectors to make daily deposits and the county collectors are investing and earning interest on amounts they collect prior to turning those moneys over to the county treasurers, then § 110.150.2 determines to what fund such interest accrues and how the amount is to be credited. Op. No. 110, Keyes, June 3, 1977, is withdrawn in part.
Yours very truly,
 JOHN ASHCROFT Attorney General